**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000556
06-APR-2020
08:29 AM**

NO. CAAP-18-0000556

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL DESALES SPIKER, Petitioner-Appellant,
v.
HAWAII PAROLING AUTHORITY, STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 17-1-0027 (CR. NO. 1PC131001702)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Petitioner-Appellant Michael DeSales Spiker (Spiker), a
self-represented litigant, appeals from the May 14, 2018 Order
Dismissing Petition to Vacate, Set Aside or Correct Judgment or
to Release Petitioner From Custody (Order), entered by the
Circuit Court of the First Circuit[1] (circuit court). The Order
dismissed Spiker's November 29, 2017 Hawai'i Rules of Penal
Procedure Rule 40 Petition to Vacate, Set Aside, or Correct
Judgment or to Release Petitioner From Custody (Rule 40 Petition)
on the basis that the fourteen grounds for post-conviction relief
stated therein were without merit, patently frivolous, and
without a trace of support either in the record or from anything
submitted by Spiker.

---

[1] The Honorable Glenn J. Kim presided.

In the Rule 40 Petition, Spiker challenged the Hawai'i Paroling Authority's (HPA) "Order and Finding of the [HPA]" (Initial Revocation Order), dated August 21, 2017, wherein the HPA: adjudged Spiker guilty of violating the terms and conditions of his parole[2] following an August 2, 2017 parole revocation hearing (Initial Revocation Hearing), revoked his parole for the balance of his maximum sentence, and set a parole consideration hearing for April 2018. After the HPA filed its Answer to the Rule 40 Petition but prior to the circuit court issuing a disposition, the HPA notified the circuit court and Spiker that the HPA's appointment of a Deputy Public Defender to represent Spiker at the Initial Revocation Hearing was in error because the Public Defender's Office had previously withdrawn from representing Spiker in the case due to a conflict of interest.

On appeal, Spiker asserts numerous points to support his contention that the circuit court erred in dismissing his Rule 40 Petition and finding that Exhibits B-G, attached thereto, were irrelevant.[3]

The grounds stated in Spiker's Rule 40 Petition are moot, as the HPA set the new parole revocation hearing. Thus, any error occurring during the first revocation hearing has been nullified and there is no further effective remedy that can be afforded to him on appeal. See Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007). We observe, however, that on its face, the minimal record on appeal indicates that Spiker was arrested and recommitted on July 2, 2017, signaling that the setting of Spiker's new parole revocation hearing for April 12, 2018, exceeded the sixty-day limits set forth in Hawaii

---

[2]   The HPA determined that Spiker had violated the terms and conditions of his parole under Cr. No. 13-1-1702 by: (1) failing to report on June 29, 2017; and (2) failing to notify his parole officer of his whereabouts. Spiker pled guilty as to the first alleged violation and HPA found Spiker guilty of the second alleged violation based on evidence presented by "Parole Officer."

[3]   We interpret this point as a challenge to the circuit court's conclusion that Spiker's claims were "without a trace of support . . . from anything submitted by [Spiker]."

Revised Statutes (HRS) § 706-670(7) (2014)[4] and Hawaii Administrative Rules (HAR) § 23-700-43(f) (eff. 1992)[5]. The HPA must be mindful of these sixty-day limits when setting parole revocation hearings.

Based on the foregoing, this appeal is moot, and IT IS HEREBY ORDERED dismissed.

DATED: Honolulu, Hawai'i, April 6, 2020.

On the briefs:

Michael D. Spiker,
Self-Represented,
Petitioner-Appellant.

Laura K. Maeshiro,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Alexa D. M. Fujise
Associate Judge


/s/ Derrick H. M. Chan
Associate Judge

---

[4]     HRS § 706-670(7) provides, in relevant part, that: "When a parolee has been recommitted, the authority shall hold a hearing within sixty days after the parolee's return to determine whether parole should be revoked."

[5]     HAR § 23-700-43(f) provides, in relevant part, that: "When a parolee is arrested and confined pursuant to an Authority warrant or preliminary hearing decision, the Authority shall hold a revocation hearing within sixty calendar days after the date of the arrest."

3